KANSAS CITY SOUTHERN RAILWAY COMPANY v. ROGERS.

Opinion delivered November 22, 1920.

1. RAILROADS—FEDERAL CONTROL—PARTIES.—So much of General Order No. 50 of the Director General of Railroads as required that actions for damage to property thorugh the negligent operation of railroads during Federal control should be brought against the Director General, *and not otherwise*, was void as in conflict with the Federal Control Act of March 21, 1918, providing that such suits may be brought against the carrier.

2. RAILROADS—RECOVERY OF PENALTY DURING FEDERAL CONTROL.— Under the Federal Control Act, subjecting carriers during Federal control to all loss and liability of common carriers existing before the passage of the act, unless inconsistent with the Federal Control Act, or other applicable act, or some order of the President, it was not error to render judgment against the Director General for the penalty and attorney's fee prescribed by Kirby's Digest, § 6774, as amended by Acts 1907, p. 144, for failure to post stock killed, wounded or injured by railroad trains.

3. APPEAL AND ERROR—PRESUMPTION AS TO OMITTED ALLEGATIONS.— Where a case before the Supreme Court brings up merely the pleadings and judgment, it will be presumed, in favor of the judgment, that defects in the allegations of the complaint which would have been supplied by the proof were thus supplied.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*James B. McDonough,* for appellants.

1. It was error to render judgment. 216 S. W. 3 is not overlooked. The train was operated by the Director General of Railways under the Federal Control Act and the order of the President of the United States. The operation of the train was by the supreme governing power of the Nation, and all State regulations and rules in conflict therewith fall. *N. Pac. Ry.* v. *N. Dakota,* 250 U. S. 135; 247 U. S. 3; 174 N. W. 605; 218 S. W. 912; 219 *Id.* 245, 252; 263 Fed. 538; 177 N. W. 29; 260 Fed. 280; 258 *Id.* 945; 256 *Id.* 549, 361; 254 Fed. 880; 257 *Id.* 243; 264 *Id.* 947, 1005. See, also, 175 N. Y. S. 84; 101 S. E. 376; 175 N. W. 580; 102 S. E. 376; 175 N. W. 580; 102 S. E. 532; 253 Fed. 45.

2. Plaintiff was not entitled to a judgment for the penalty against the Director General or the corporation. 216 S. W. 3; 92 S. W. 191; 162 Fed. 803; 90 N. Y. 762; 72 Vt. 55; 78 Kan. 600. The allegations of the complaint are not sufficient to authorize a judgment for the penalty. Act 61, Acts 1907, p. 141, amending Kirby's Digest, § 6774. No notice was posted, as required by law, in writing, and under act 61, Acts 1907, the judgment for penalty and attorney's fee must be reversed.

*Lake & Lake,* for appellee.

1. The company was liable and the court properly rendered judgment against it. 216 S. W. 3. That case really controls every point in controversy. See, also, 172 N. W. 918, 841; 81 So. Rep. 417; 82 *Id.* 286; 216 S. W. 781; 255 Fed. 850; 202 S. W. 878-9; 106 Atl. Rep. 587; 174 N. Y. Supp. 682; 175 *Id.* 84; 254 Fed. 875; 257 Fed. 75-7; 258 *Id.* 952; 173 N. W. 701; 258 Fed. 945; 260 *Id.* 280; 259 *Id.* 361; 256 *Id.* 549.

2. The plaintiff was entitled to the penalty. 202 S. W. 878. Under act 61 the penalty follows.

3. The allegations of the complaint are sufficient to support a judgment for the penalty. 130 Ark. 378. If

the complaint was insufficient, the proper remedy was a demurrer. An objection like this can not be first made on appeal; it is too late. There was no bill of exceptions in this case. 126 Ark. 118; 37 *Id.* 528; 26 *Id.* 647.

HUMPHREYS, J. This suit was instituted by appellee against appellants in the Sevier Circuit Court to recover double damages and a reasonable attorney's fee, under the provisions of act 61, Acts of 1907, amending section 6774 of Kirby's Digest, for killing two mules on the 12th day of November, 1918, through the negligent operation of a passenger train. The trial of the cause resulted in the rendition of a judgment against both appellants for the double value of the animals and an attorney's fee of $150. An appeal has been prosecuted to this court to test the validity of the judgment on the recitals in the record without the aid of a motion for a new trial or a bill of exceptions.

It is first insisted that error was committed in rendering judgment against appellant, Kansas City Southern Railway Company, because the train was being operated by the Director General under the Federal Control Act and order of the President of the United States at the time the mules were killed. The date of the Federal Control Act was March 21, 1918. The date of order No. 50, issued by the Director General of Railroads, pursuant to the proclamation of the President of the United States in relation to the institution of suit against the Director General, was October 28, 1918. The Federal Control Act authorized the institution of suits of this character in courts of law or equity against the carrier during the period of Federal control, notwithstanding the fact that the railroad property was being operated by the United States Government. *Mo. Pac. Rd. Co. v. Ault,* 140 Ark. 572. It is contended, however, that the judgment against the carrier is in conflict with order No. 50, promulgated by the Director General pursuant to the order of the President of the United States, because the order provided that suits for damage to prop-

erty through the negligent operation of railroads during Federal control should be brought against the Director General, and not otherwise.   This part of order No. 50 must be regarded as void because the President and Director General were without authority to abrogate the express provisions of the Federal Control Act with reference to the institution of suits of this character against carriers.   *Lavelle* v. *Northern Pacific Railroad Co.* (Minn.), 172 N. W. 918.   The two grounds aforesaid, urged as invalidating the judgment against the carrier corporation, were determined adversely to the contention of appellants in the case of *Hines* v. *Mauldin, ante,* p. 170.

It is also insisted by appellants that it was error to render a judgment against either the Director General or the carrier corporation for a penalty.   The insistence is that act 61, Acts 1907, amending section 6774 of Kirby's Digest, under which judgment was obtained, did not provide for a penalty against the Director General, and that the carrier corporation was exempt from the penalty because it was not operating the train at the time the mules were killed.   So far as suing and being sued is concerned, our construction of the Federal Control Act is that it did not change the status of the railroads. It was said in the case of *Mo. Pac. Rd. Co.* v. *Ault, supra,* that "insofar as suing and being sued is concerned, the railroad occupied exactly the same status after being taken over by the government as before."   A careful examination of the Federal Control Act reveals that no exceptions were made therein exempting railroads during Federal control from the provisions of penalty statutes.   On the contrary, section 10 of the Federal Control Act subjected carriers during Federal control to all laws and liabilities of common carriers existing before the passage of the act, unless such laws or liabilities are inconsistent with the Federal Control Act or some applicable act or some order of the President.   There is no inconsistency between act 61, Acts 1907, amending section 6774 of Kirby's Digest, and the Federal Control

Act, or any other applicable act or any valid order of the President.

Lastly, it is insisted that the allegations of the complaint are insufficient to support a judgment for double damages and an attorney's fee, because the complaint omitted to allege a failure by appellants to post the stock, and because the complaint omitted to specify the kind of notice appellee served on appellants. It is unnecessary to discuss whether material defects exist in the complaint, as such defects, if existing, may have been supplied in the course of the trial by the proof. If thus supplied, it was proper at the conclusion of the evidence to treat the complaint as amended to conform to the proof and to render judgment accordingly. Every reasonable presumption must be indulged in favor of the validity of the judgment as the case is before us on the recitals in the record, and not before us on a bill of exceptions and motion for a new trial.

No error appearing upon the recitals in the record, the judgment is affirmed.