SOUTHWESTERN BELL TELEPHONE COMPANY *v.* SHELBY.

## Opinion delivered February 23, 1925.

1. TRIAL—QUESTIONS FOR JURY.—A case should not be withdrawn from the jury unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish.

2. TELEGRAPHS AND TELEPHONES—LIABILITY FOR PERSONAL INJURIES. —In an action for injuries from falling into a hole caused by removal of a telephone pole near the sidewalk, where the defense was that the pole was not owned or removed by the defendant, evidence *held* to sustain a finding for the plaintiff.

Appeal from Jefferson Circuit Court, *T. G. Parham,* Judge; affirmed.

### STATEMENT OF FACTS.

Mrs. Selma W. Shelby brought suit against Southwestern Bell Telephone Company to recover damages on account of personal injuries sustained by her by falling in a hole which the defendant had negligently left unfilled after removing a telephone pole.

On the trial of the case it was proved by the plaintiff that a telephone pole had been removed from a place near a sidewalk in Pine Bluff, Arkansas, where pedestrains were accustomed to walk, and that a hole was thereby left in the ground near the south side of the sidewalk. The hole was left right near the sidewalk on Pullen Street, about 30 or 40 feet from its intersection with Beech Street. Grass had been permitted to grow up around the hole, so that it was difficult to be seen by persons walking along the sidewalk. The plaintiff did not know that the hole had been left there. She proved the character and extent of her injuries. She also introduced evidence tending to show that the pole which had been removed belonged to the defendant.

On the other hand, the defendant introduced evidence tending to show that the pole did not belong to it. Evidence on this phase of the case will be stated with more particularity in the opinion.

The jury returned a verdict for the plaintiff in the sum of $500, and to reverse that judgment the defendant has duly prosecuted this appeal.

*Edward B. Downie, Coleman & Gantt* and *Walter J. Terry,* for appellant; *J. W. Jamison,* of counsel.

The evidence does not justify the verdict. The "scintilla doctrine" has never obtained in this State. 39 Ark. 639; 57 Ark. 467. Tested by the rule in 97 Ark. 438 as follows: "after drawing all the inferences most favorable to the verdict that the evidence will reasonably warrant, is it sufficient in law to sustain the verdict?" the judgment in this case falls for lack of sufficient evidence. See also 97 Ark. 442; 104 Ark. 267; 261 S. W. 325 (Ark.). The testimony of Mrs. House was not competent as substantive evidence. 158 Ark. 454. The court will take judicial knowledge that a telegraph and a telephone line of poles and wires look alike. 33 Ill. App. 91; 85 Fed. 302; 215 S. W. 255.

*Rowell & Alexander,* for appellee.

In case of conflict in evidence the case should be submitted to jury. 97 Ark. 438. The verdict of the jury will not be disturbed if there is any substantial evidence to support it. 261 S. W. (Ark.) 325. Proof of alleged acts, etc., causing an injury is not sufficient to establish it as the cause, so long as other causes exist and were present which equally might have caused it. 116 Ark. 57. Direct proof of the fact itself is not required. 107 Ark. 486. In testing the sufficiency of the evidence, that view most favorable to the verdict should be taken 129 Ark. 280; 103 Ark. 65 129 Ark. 18; 134 Ark. 36; 134 Ark. 300; 130 Ark. 469; 131 Ark. 411.

HART, J., (after stating the facts). It is conceded by counsel for the defendant that there was sufficient evidence to go to the jury on the question of whether or not the party removing the pole was guilty of negligence in leaving the hole unfilled right at the sidewalk, where people were accustomed to walk. They seek to

reverse the judgment solely on the ground that the evidence was not sufficient to show that the pole which was removed belonged to the defendant, and contend therefore that the court should have directed a verdict in its favor.

It has been repeatedly held, and it is the settled rule of practice in this State that a case should not be withdrawn from the jury unless the conclusion follows, as a matter of law, that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish. *St. L. S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428, and *Rice-Stix Dry Goods Co.* v. *Montgomery,* 164 Ark. 161.

According to the testimony of Mrs. Selma W. Shelby, she fell in the hole in question on July 26, 1923. It was a very large deep hole, partly covered with grass, and was just where a cement sidewalk would have been had there been one. The plaintiff also testified that she had moved from that neighborhood in January, 1922, and that there was a telephone pole at the place in question when she moved. The defendant did not attempt to contradict the evidence just stated, but introduced several of its employees, who testified in the most positive manner that the pole in question did not belong to defendant, and that it had not been removed by it.

Counsel for the defendant contend that the evidence for the plaintiff and all reasonable inferences which may be drawn from it do not contradict the defendant's evidence on this point. In short, they claim that the evidence for the plaintiff to the contrary is only conjectural, and is not of a sufficiently substantial nature to warrant the trial court in submitting the case to the jury. We cannot agree with counsel in this position. The evidence for the plaintiff showed that the hole in question was the result of removing a telegraph, telephone, or electric light pole, and leaving the hole unfilled. An employee of the electric light and water company which operated in Pine Bluff testified that the pole in question did not belong to that company and was not removed

by it. The verdict of the jury being in favor of the plaintiff, the question of whether the pole belonged to the electric light and water company is eliminated from the case. The evidence shows that the only other public utilities which operated along the street in question were the defendant and the Postal Telegraph Company. It was also shown that the defendant had bought all the poles of the Postal Telegraph Company when it ceased to do business in Pine Bluff. It is true that the defendant proved by several witnesses that its line of poles was located on the north side of Pullen Street, and that it had never taken over any poles of the Postal Telegraph Company on the south side of Pullen Street.

It cannot be said, however, that its testimony in this respect, however strong it may be, is uncontradicted. As we have already seen, the hole was caused by the removal of a telegraph, telephone, or electric light pole, and the electric light and water company is eliminated from the case by the verdict of the jury. The Postal Telegraph Company gradually went out of the telegraph business, and the defendant took over its poles. The city engineer of Pine Bluff exhibited to the jury a list of poles of the Postal Telegraph Company made upon January 12, 1915. This list showed that at Beech and Pullen, on Pullen Street, there was pole No. 59 on the south side of Pullen Street and 60 feet east of Beech Street, and pole No. 60 on the same side of Pullen street 60 feet west of Beech Street. Pole No. 59 was situated about where the accident occurred.

The jury might have found that this pole remained standing until some time after January, 1922, and the fact that there was a hole there indicated that the pole had been dug up and removed by some one. It is legally inferable that this pole was dug up and removed by the servants of the defendant, and that the employees who testified that such was not the case were either mistaken, or had forgotten the facts in the premises.

The plaintiff testified that a pole was there in January, 1922, and it was not there when she was injured

in July, 1923. A witness for the electric light and water company testified that the pole did not belong to that company. No other companies operated in that part of the city, except the defendant and the Postal Telegraph Company. Clearly, then, it is not a matter of conjecture to say that the pole in question belonged to one of the latter two companies. The evidence also shows that the defendant bought the poles of the Postal Telegraph Company before the pole in question was removed. Therefore we do not think that the finding of the jury —that the pole belonged to the defendant—was merely conjectural, but think that it was a reasonable inference to be drawn from all the facts and circumstances in the case, when we consider that the jury were the sole and exclusive judges of the credibility of the witnesses.

It follows that the judgment must be affirmed.