## SOUTHWESTERN BELL TELEPHONE CO. v. HODGES. (No. 3158.)

Court of Civil Appeals of Texas. Amarillo. April 17, 1929.

Rehearing Denied May 8, 1929.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant.

Bean & Klett and Robert Bean, all of Lubbock, for appellee.

RANDOLPH, J. The plaintiff J. A. Hodges, brought this suit in the county court of Lubbock county, for damages alleged to have been occasioned to a building which he was the owner of, by one Gelin and the telephone company.

The case was submitted to a jury upon special issues, after the dismissal of the case as to Gelin, and on the jury's answers to such issues the trial court rendered judgment in favor of the plaintiff as against the telephone company, and appeal has been taken from such judgment by the company.

In order that the questions hereinafter discussed by us may be clearly understood, we set out at length the charging part of the plaintiff's amended petition, upon which the case was tried:

"That heretofore, to wit, during the latter part of the year 1924, the plaintiff made a contract with the defendant Jno. Gelin wherein and whereby the said Jno. Gelin agreed and bound himself for a valuable consideration to erect, construct and finish for the plaintiff a one story brick building on lots 6 and 7 in block 120 of the original town of Lubbock, Lubbock county, Texas, in accordance with the plans and specifications prepared and furnished by the said Jno. Gelin, in a good and workmanlike manner, said Jno. Gelin to furnish all labor and materials therefor and to receive as his profit a sum equal to 10 per cent. of the cost thereof.

"That the defendant Jno. Gelin expressly agreed, and if he did not expressly agree, then he impliedly agreed, and warranted, that the building would be put up in a reasonably substantial manner, of good workmanship and material, sufficient to withstand the ordinary rains in said country, and that the workmanship and material would be free from latent defects and reasonably sufficient for the purposes and uses aforesaid.

"That in the course of the construction of said building, the said Jno. Gelin made an opening in the wall of said building at the east end thereof, just above the flat roof, for the purpose of permitting the rainfall, as it accumulated on the roof of said building, to pass from said roof through said opening into a down spout and thereby relieve the weight of the water on said roof; that the area of said roof was about 50 by 125 feet, and the surface thereof sloped so as to turn the water toward said down spout; that said opening in the wall was probably 10 or 12 inches high and 4 or 5 inches wide; that said down spout was a square concern made of tin reaching from said opening to the ground with dimensions of cross-sections of about 4 by 4 inches.

"That during the course of construction, maintenance, and operation of said telephone line and said building, and in constructing, maintaining, and operating the telephone line, and said building, the defendants carelessly and wrongfully caused and permitted a board plank some 2 feet long and about 3 or 4 inches wide to be inserted and erected in the opening in said wall at an angle of about 45 degrees and in such manner that said board obstructed the flow of the water through said opening; that said plank projected some foot or more from the building, and to the top end of said plank the defendants had caused telephone wires to be tied and fastened, ostensibly for the purpose of making said plank serve as a telephone pole or wall bracket, without the plaintiff's knowl-

edge or consent; and if defendants did not cause or permit said board to be inserted as alleged, then defendants negligently and carelessly failed to find and remove said board as they could and should have done by the exercise of ordinary care.

"That on or about September 13, 1925, the plaintiff being unable to give the exact date, that part of the roof near said opening broke and caved in as a result of rain that had accumulated on said roof and that did not or could not escape fast enough through the opening in said wall into said down spout to prevent the weight and pressure of said water from caving in said roof.

"That the proximate cause of said injury, as the plaintiff believes and here alleges, was the fact that there was only one opening in said wall through which the water could escape, and that there should have been another opening or the opening in question should have been larger so as to give sufficient drainage to the roof, and that the concurrent act of the telephone company in negligently and carelessly leaving said plank board in said opening caused and contributed to the cause of the falling and caving in of said roof. That both of the defendants failed to use ordinary care in said construction work as stated, and that the said Jno. Gelin was negligent in not providing for sufficient drainage and the said telephone company was negligent in causing the obstruction of said drainage and both defendants failed to use ordinary care in failing to find and remove said board as they could and should have done by the exercise of ordinary care.

"That if plaintiff be mistaken in any of his allegations, he still insists and alleges that the said telephone company was liable for said injury in that it caused said plank to be inserted in said opening and used as a telephone pole or wall bracket, without the plaintiff's knowledge or consent, when it knew and by the exercise of ordinary care should have known that obstructing said opening would prevent the drainage of said roof during rainfall and likely cave in said roof. Plaintiff says that if said telephone company did not place said plank in said drainage opening, that nevertheless said telephone company used the same as a wall bracket as stated, and by the exercise of ordinary care and diligence should have known that said wall bracket was in use and being used as alleged.

"That plaintiff further says that if it is mistaken in any of its allegations as to the liability of the telephone company, the plaintiff still insists and further alleges that his building was partially destroyed as stated as a result of accumulated rainfall on the roof without fault or negligence on his part, and certainly because of the wrong and negligence of some one, and that if the damage was not caused in whole or in part by the aforesaid plank, that the damage must have been done when the rain fell because of defect in material and workmanship furnished by the defendant Jno. Gelin under his supervision and responsibility, which defects were not apparent to the plaintiff and unknown to him, and that the plaintiff believes that such defects consisted of insufficient drainage of the roof as stated in that there was only one outlet when there should have been another outlet or a larger outlet, or the damage must have been caused by lack of sufficient beams or beam footings sufficient to sustain the weight of the water on the roof during rainfall.

"That the aforesaid damage consisted of a caved-in roof, measuring in area probably 20 by 30 feet, which was made up of wooden beams, roofing, joists, boards, rain-proof covering, tar, sand, and gravel, as plaintiff's attorneys now remember. That the aforesaid wooden beams were broken and the other roofing materials mentioned were demolished and torn so that the materials therein were completely lost and damaged so far as the value thereof was concerned. That the building and property after the damage were worth $900 less than the value of the building and property just before the damage, and that the actual and reasonable cost of the labor and material in restoring said roof to its condition at the time just preceding the damage was $900, and that the plaintiff has been damaged in said sum with interest thereon from September 15, 1925, at the rate of 6 per cent. per annum. That plaintiff is the owner of said building and property and of said claim for damages, which he has already paid out, and that the defendants fail and refuse to pay said claim or any part thereof, to plaintiff's damage as stated."

The defendant telephone company filed its answer, consisting of an exception to the petition for misjoinder of parties and for misjoinder of causes of action, to wit, the joinder of an action for breach of contract against defendant Gelin and an action against the telephone company for damages.

The trial court sustained the defendant's exception to the petition for misjoinder of parties and causes of action, and the plaintiff then elected to dismiss his cause of action against defendant Gelin and proceeded with the trial of his cause of action against the telephone company. No question arises as to the dismissal of the case against Gelin.

As stated, the trial was had before a jury, and on their answers to special issues the court rendered judgment. Only two special issues were submitted to the jury, which are as follows:

"Special issue No. 1. Did the defendant telephone company by any alleged wrongful and negligent act or omission, if any, contribute to the proximate cause of the

alleged collapse, if any, of the plaintiff's roof? Answer Yes or No.

"Special issue No. 2. What was the difference, if any, between the reasonable market value of said building immediately before and immediately after said collapse? Answer in dollars and cents."

These issues were answered, respectively, "Yes," and "$900."

Appellant's proposition No. 1 alleges error on the trial court's refusal to give its peremptory instruction for a verdict and in not setting aside the verdict of the jury, for the reasons that no testimony was introduced showing that the telephone company, acting either alone or with John Gelin, had placed a stick in the gutter head, and the evidence did not show that said stick had been in said gutter head a sufficient length of time as that the telephone company, by the use of ordinary care, in inspecting its lines, should have discovered and removed it, there was no issue of negligence to submit to the jury.

The appellee replies to this proposition and says that the issue of negligence was properly submitted under two theories, viz.: (1) Res ipsa loquitur; and (2) circumstantial evidence.

■ It appears from the record that the facts and circumstances are clearly sufficient to warrant the submission to the jury of the ownership or control of the wire and the plank inserted in the gutter head, and that the placing of such wire and plank in the gutter head was the act of the defendant company.

The telephone company had its wires running down the alley at the rear of plaintiff's building. A plank had been inserted in the gutter head leading from the roof of the building. It projected some distance outside the wall, and to the plank a wire had been attached, leading from the wire on the telephone company's lines. The manager of the telephone company acknowledged that the wire attached to the stick was one of the telephone company's wires. The circumstances warrant the verdict of the jury, in so far as the question of ownership or control of such wire is concerned.

We are not discussing the question of pleading, but only the question of there being sufficient evidence to place the stated issue before the jury.

In addition to the facts and circumstances above stated, the plaintiff denied that he himself put the plank in the gutter head, and denied that he had given the owner permission to place it there and that he did not give the telephone company permission to do so and did not know it had been done. Simmons v. Terrell Electric Light Co. (Tex. Com. App.) 12 S.W.(2d) 1013, 1014; Taylor v. Popular Dry Goods Co. (Tex. Civ. App.) 10 S.W. (2d) 191; Southwestern Bell Telephone Co. v. Shelby, 167 Ark. 488, 268 S. W. 860.

■ When we come to consider the doctrine of res ipsa loquitur, as applicable to the case at bar, we do not find the pleadings sufficient to present the plaintiff's right to recover thereunder. As will be seen from the petition, there is no allegation of negligence of the defendant telephone company based upon a general allegation of negligence—the specific act of negligence being unknown to the plaintiff. The only allegation contained in the petition is as to the "party" guilty of the negligence being unknown. If some other party was guilty of the negligence, certainly the telephone company could not be held liable for the other party's negligence.

So far as proof showing that the telephone company was guilty of placing the plank in the gutter head and affixing its wire to same, using it as a wall bracket to sustain its guy wire, as stated above, we think the facts and circumstances are sufficient upon which the jury could have identified the defendant telephone company as the party guilty of same, but upon the question as to whether or not the negligence on the part of the company, which was unknown to the plaintiff, caused the injury under the doctrine of res ipsa loquitur, the pleadings do not so charge. The questions for the jury to pass on, as limited by the pleadings, were distinct acts of negligence.

45 C. J. 1196, § 769, defining the phrase res ipsa loquitur, which, literally means "the thing speaks for itself," says that it "is a term used in a limited class of negligence cases referring to the method of proof of general negligence as distinct from proof of specific negligence." It is said again that the doctrine is predicated upon plaintiff's inability to specify the act of negligence which caused his injury, and therefore permits him to rely on the doctrine as a substitute for specific proof. 45 C. J. 1199, § 771. This being true, it was never intended that the identity of the party causing the injury should be established by any such presumption from the evidence, but that it applies only to the very negligence itself which is charged.

The plaintiff relies upon the case of Simmons v. Terrell Electric Light Co., supra, to sustain the application of the doctrine of res ipsa loquitur to the issues submitted by the court to the jury. We do not think this reliance upon that opinion can be justified by the facts of that case. Briefly stated, the plaintiff in that case alleged specific acts of negligence in that a wire was broken and permitted to hang down, "or for some other reason to the plaintiff unknown, the wire was down over the sidewalk or fell over the sidewalk in such manner as to injure and damage this plaintiff."

There is no allegation of general negligence in this case which authorizes the trial court to submit all of the issues of specific negligence grouped together, nor to present to the

jury .the general negligence of the telephone company, to justify a holding that some negligence of the telephone company unknown to the plaintiff was the cause of his damage.

The importance of the decision of the above question lies in the giving by the trial court of special issue No. 1 to the jury on the ground that the grouping of such issue was one of presentation of a charge of general negligence by such combination. If there was no pleading to justify the grouping of such issue, such as could be presented under the doctrine of res ipsa loquitur, then it is clear that issue No. 1 was erroneous. That issue, as submitted, violates the provisions of article 2189, R. C. S. 1925. F. W. & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 235 S. W. 664; F. W. & D. C. Ry. Co. v. Amason (Tex. Civ. App.) 249 S. W. 1090.

In view of our disposition of this appeal, we refrain from discussing the sufficiency of the evidence. to sustain the plaintiff's cause of action, and there are other propositions based upon issues that may not arise upon another trial, and we will not discuss them.

For the reasons indicated, the trial court's judgment is reversed, and the cause is remanded for a new trial.