NANCE *v.* EILAND.

4-8620                                    214 S. W. 2d 217

Opinion delivered October 25, 1948.

1020

*John F. Park,* for appellant.

*Rose, Dobyns, Meek & House,* for appellee.

MINOR W. MILLWEE, Justice. Appellants, R. G. Nance and Lonnie Dallas, were engaged as partners in the brokerage and agency business in the City of Little Rock in 1946 under the trade name of "Arkansas Business Brokers." In February, 1946, they hired appellee, G. C. Eiland, as a salesman under an oral contract of employment on a commission basis. Under the employment agreement appellee was to furnish his car, time and efforts in the promotion of the business for which he was to receive 50% of the commission which appellants charged a customer, if appellee obtained the listing of the property for sale from the customer and then sold the property; 40% of said commission, if appellee sold property which had been listed by another agent or member of the firm; and 10% of said commission, if he obtained a listing of property which was sold by another agent.

According to the testimony of appellee, appellants further agreed, as a part of the original contract of employment, that they would not "cancel out" on him; that is, they would not release the customer from his contract with appellants prior to its expiration date.

Appellants, in their testimony, stoutly denied this part of the agreement.

On March 5, 1946, W. A. Kail came to appellants' office and listed his automobile supply business for sale. Appellee obtained the written contract from Kail giving appellants the exclusive right, for a period of sixty days, to sell Kail's business for a commission of 10% of the gross amount for which the property sold. Appellee began work on the contract and interviewed several prospects. He brought some of them to Kail's place of business for inspection of the property and conferences with the seller.

Appellee testified that Kail called him on April 16, 1946, about a modification, or release, of the contract; that at appellee's suggestion Kail came to the office and after a discussion with appellant Dallas and appellee, it was agreed that Kail, who had himself found a buyer, should have the right to make a direct sale and pay a reduced commission of 5%; that Dallas then and there also agreed with appellee that, if the latter would consent to the proposed modification of the contract with Kail, he would be paid one-half of the 5% commission to be paid by Kail; and that appellant Nance, who later learned of the transaction, at first objected but subsequently agreed to the payment of 50% of the commission to appellee.

This testimony was disputed by appellants who testified that the agreement permitting Kail to make a direct sale was made in the absence of appellee and without any agreement to pay him one-half the commission; and that they subsequently agreed to pay appellee the listing fee of 10% of the commission.

Kail sold the property on April 16, 1946, and paid appellants $833.30, the amount of the 5% commission. On May 9, 1946, appellants tendered their check in the amount of $83.30 to appellee by mail in full settlement of his commission. The tender was refused and on May 23, 1946, appellee instituted this action to recover one-half of the 5% commission amounting to $416.65.

In their answer, appellants denied all allegations of the complaint except the tender of $83.30 in full payment of appellee's services, which they admitted. In an amendment to the answer they asserted that the alleged agreement to pay appellee one-half of the commission was without consideration and unenforceable.

The cause was submitted to a jury resulting in a verdict and judgment for appellee for $416.65.

Appellants' first contention for reversal is that the complaint should have been dismissed because it does not state facts sufficient to constitute a cause of action. It is insisted that the complaint failed to allege any promise on the part of appellee as a consideration for the alleged promise of appellants to pay him 50% of the commission. The complaint is defective in this respect, but this deficiency in pleading was cured by proof on the part of appellee, which was admitted without objection from appellants. In *Barnes* v. *Hope Basket Company*, 186 Ark. 942, 56 S. W. 2d 1014, Justice BUTLER, speaking for the court, said: "It is always within the sound discretion of the court to permit a complaint to be amended to conform to the proof; and where the allegations in the complaint are insufficient, it is proper at the conclusion of the evidence to treat the complaint as amended to conform to the proof, where there are no objections to the introduction of the evidence and no claim of surprise is made. *K. C. Sou. Ry. Co.* v. *Rogers,* 146 Ark. 232, 225 S. W. 640; *L. & C. Co.* v. *Sanders,* 173 Ark. 362, 292 S. W. 657; *Thomas* v. *Spires,* 180 Ark. 671, 22 S. W. 2d 553." Appellants did not question the sufficiency of the complaint by demurrer or motion to dismiss. They did not claim surprise when appellee testified that they agreed that he would have the full "listing time" to work on his prospects and that they would not release the customer from his contract during this period. The trial court had the right, therefore, to treat the complaint as amended to conform to this proof.

The second contention of appellants, closely related to the first, is that the trial court erred in refusing to direct a verdict in their favor because no consideration

was shown for the alleged agreement of appellants to pay appellee one-half of the 5% commission. Among the cases cited in support of this contention is *Feldman* v. *Fox*, 112 Ark. 223, 164 S. W. 766, where the court said: "If no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject matter of the original one." Appellants insist that they received no new benefit by making a promise to pay appellee one-half the commission and that appellee suffered no detriment and parted with nothing except what he was already bound for under the original contract.

The jury was warranted in finding that appellants agreed, as a part of their original contract with appellee, that they would not release a customer from the listing contract until its expiration date. At the time Kail sought permission to make a direct sale and pay a reduced commission, his contract with appellants had 18 days yet to run. Appellee testified that he had at least one "live prospect" for sale of the property at that time. If so, he still had 18 days in which to effect a sale of the property at a commission in twice the amount for which he obtained judgment. If appellee agreed that Kail might be released from the original contract on the condition that he be given one-half the reduced commission, as he testified, then he surrendered a valuable right in that he was thereby deprived of an opportunity of making a sale within the 18-day period at a higher commission. Thus, the new promise to appellee that appellants would pay him one-half the commission is based upon the agreement on his part to release them from their original promise not to allow the customer to cancel out prior to the expiration date of the listing contract. We hold that the agreement on appellee's part to release appellants from their prior obligation afforded sufficient consideration for the new promise, and that the court correctly denied appellants' request for a directed verdict.

It is next contended that the court erred in modifying appellants' requested instruction No. 3 which reads as follows:

"You are instructed that under the undisputed evidence in this case, the property involved was not in fact sold by the plaintiff, and therefore under the terms of the original employment contract between the plaintiff and defendants, the plaintiff would only be entitled to 10% of the commission earned by the defendants, which is the sum of $83.30, and which sum has been tendered in open court to the plaintiff by the defendant.

"On the other hand, the plaintiff contends that the original contract between him and the defendants was changed by a new agreement, with reference to this particular sale only, under which new agreement plaintiff was to receive 50% of the commission, even though plaintiff did not himself make the sale.

"You are instructed that before you can return a verdict for the plaintiff in this case in any sum in excess of $83.30, which defendants admit they owe, you must first find, from a preponderance of the evidence that two conditions existed with reference to such alleged new agreement:

"1st. That such alleged new agreement was actually entered into between the plaintiff and the defendants; and

"2nd. That such alleged new agreement, if you find that same was entered into by the parties, was based upon a valuable consideration.

"And in this connection you are instructed that in order to make a contract binding there must be a consideration. To be a consideration there must be a benefit to the party promising or a loss or detriment to the party to whom the promise is made."

The trial court amended said instruction and gave it in a modified form, as follows:

"You are instructed that the plaintiff contends that the original contract between him and the defendants

was changed by a new agreement, with reference to this particular sale only, under which new agreement plaintiff was to receive 50% of the commission, even though plaintiff did not himself make the sale.

"You are instructed that before you can return a verdict for the plaintiff in this case in any sum in excess of $83.30, which defendants admit they owe, you must first find, from a preponderance of the evidence that such alleged new agreement was actually entered into between the plaintiff and the defendants."

We think the trial court properly eliminated the first paragraph of the requested instruction. This part of the instruction would have been misleading to the jury in that it purported to set out the terms of the original contract without reference to the highly disputed question of fact as to whether appellants had agreed in the original contract that they would not release a customer from his listing contract until its expiration date. The court had already told the jury in instruction No. 1 requested by appellee that this disputed question of fact should be found in appellee's favor before he was entitled to recover. The effect of paragraph 1 of appellants' requested instruction No. 3 was to eliminate this term from the original contract.

The modification of the last two paragraphs of the requested instruction presents the most difficult question in the case. A determination of this question is dependent on whether the trial court had a right to determine as a matter of law that the promise of appellants to pay appellee one-half the 5% commission was based on a valuable consideration, provided the jury found that appellants agreed as a part of the original contract of employment that they would not cancel out the contract of a customer prior to its expiration date. We again point out that an affirmative finding of the agreement not to cancel out was made a condition of recovery in appellee's requested instruction No. 1 given by the court. Appellants ignored this feature of the contract in all their requested instructions and the only fact question that was submitted to the jury in the re-

quested instruction was whether appellants agreed to pay appellee one-half the reduced commission. If appellants desired to have the question of their agreement not to cancel out put to the jury in another form, it should have been submitted in the form of a fact question and not one of law for the jury to determine.

Appellants rely on the case of *Nakdimen* v. *First National Bank,* 177 Ark. 303, 6 S. W. 2d 505, where the trial court gave an instruction, No. 6½, which is practically identical with the last paragraph of appellants' requested instruction No. 3. The appellee bank made no objection to the giving of the instruction in that case and this court did not pass upon the propriety of the instruction. In that case the trial court also refused to give instructions requested by appellant Nakdimen containing abstract definitions of the term "valuable consideration." On the contrary, the jury was told in another instruction, which was approved, that the agreement of the appellee bank to pay the debts of another bank was sufficient consideration to support a promise of appellant Nakdimen to pay $5,000, if the jury found such promise was made.

So here, the effect of appellee's requested instruction No. 1 was to tell the jury that appellants' agreement not to cancel out, if made, was sufficient consideration to support their promise to pay appellee one-half the 5% commission. The jury found by their verdict that appellants made the agreement not to cancel out, and it follows as a matter of law that there was a sufficient consideration for the new agreement. We, therefore, find no reversible error in the court's modification of instruction No. 3 requested by appellants.

Appellants finally insist that the trial court erred in giving appellee's requested instruction No. 1, which was specifically objected to on the ground that it was abstract and ignored appellants' defense of lack of consideration for the substituted agreement. This instruction was a binding instruction in that it undertook to tell the jury the conditions under which a verdict should be returned for the plaintiff. Appellants say in their brief:

"All the jury had to find, under this instruction was that 'Dallas asked the plaintiff, Eiland, to consent to that modification; that the plaintiff Eiland consented thereto upon the express condition that the defendant would pay him one-half of the total commission they might receive; that the defendant, Lonnie Dallas, agreed to that condition—.' " Appellants have overlooked that part of the instruction requiring the jury to find "that they agreed they would not allow any seller to cancel out prior to the expiration of the listing contract," before they could find for appellee. Since we hold that the trial court correctly determined that a finding of fact in favor of appellee on this issue supplied a valuable consideration for the agreement of appellants, we find no error in this assignment. The instruction is long and fully covered all the issues before the jury.

Finding no prejudicial error, the judgment is affirmed.