CITY OF BERRYVILLE *v.* BINAM.

5-218                                                264 S. W. 2d 421

Opinion delivered January 25, 1954.

Rehearing denied March 1, 1954.

*J. E. Simpson,* for appellant.

*H. G. Leathers,* for appellee.

MINOR W. MILLWEE, Justice. Appellee, W. H. Binam, brought this action against appellant, City of Berryville, on March 5, 1952, to recover back salary allegedly due him as city marshal for the months of October, November and December, 1951, and January and February, 1952, at the rate of $100 per month. Although the city denied it was indebted to appellee in any amount, it tendered with its answer "the sum of $1.00 per month for the full time for which plaintiff has not been paid." Trial by the circuit judge, sitting as a jury, was concluded November 24, 1952, and the case taken under advisement. On February 2, 1953, the court entered judgment for appellee for $1,500, representing back salary of $100 per month for October, 1951, to December, 1952, inclusive.

According to the testimony offered by appellee, he was elected city marshal for a two-year term in April, 1948. By Act 307 of 1949, the time of holding municipal elections was changed from April to November, with the elected officials taking office January 1 thereafter. This act extended appellee's term to January 1, 1951. Appellee was not a candidate for city marshal in the election held in November, 1950, but instead was a candidate for and elected to the office of constable.

Another person elected marshal in November, 1950, failed to qualify, and appellee did not qualify as constable. According to his testimony, he held over as city marshal and was still serving as such at the time of the trial in November, 1952.

At the time of appellee's election, Ordinance 152, passed in 1945, was in effect and, as published, provided for a salary of $100 per month for the office of city marshal. On March 15, 1950, the city council passed Ordinance 166 which purported to amend "Ordinance 153B" so as to fix the city marshal's salary at $1.00 per month effective January 1, 1951.

On January 2, 1951, the city council voted to employ appellee as "police officer", to serve at the pleasure of the council at $100 per month "as in the past." According to the testimony offered by appellant, this was agreed to by appellee. However, appellee stoutly denied he ever agreed to this arrangement and maintained that he continued to serve as city marshal as in the past.

On September 27, 1951, the mayor wrote a letter to appellee notifying him the city council had directed his discharge as "police officer" effective September 30, 1951, because he had failed to carry out "orders" of the council and his "duties as police officer." Appellee ignored this notice, and according to his testimony continued to serve as city marshal, in which capacity he was still serving on the date of trial.

For reversal of the judgment, appellant contends that a vacancy occurred in the office of city marshal by virtue of appellee's abandonment of the office and his acceptance of employment as "police officer." "Under certain conditions, a public office may become vacant by reason of the abandonment thereof on the part of the incumbent. In such cases, however, it is necessary to show that the incumbent has manifested a clear intention to abandon the office and its duties, although such intention may be inferred from conduct." *State* v. *Green and Rock,* 206 Ark. 361, 175 S. W. 2d 575.

Ark. Stats., § 19-1103 provides that a city marshal "shall continue in office until his successor is elected and qualified." Section 19-1112 provides that whenever a vacancy occurs in the office the city council shall proceed to elect a city marshal for the unexpired term. Under § 19-907, the compensation of a city marshal may not be increased or diminished during his term of office. An officer who holds over and continues to perform the duties of his office after expiration of his term is entitled to compensation up to the time he ceases to discharge his duties. 62 C. J. S., Municipal Corporations, § 529; McQuillin, Municipal Corporations (3rd Ed.) § 12.202. The period of holding over in such cases is as much a part of the officer's term of office as the regular period fixed by

law. 67 C. J. S., Officers, § 48c; McQuillin, Municipal Corporations, (3rd Ed.) § 12.110. Thus, in *State* v. *Moores,* 61 Neb. 9, 84 N. W. 399, the court held that where a police judge held over beyond his fixed term, the period of his holding over was as much a part of the term of office as that which preceded it and his salary could not be diminished during such period, under a constitutional provision similar to § 19-907, *supra.*

At the time of the instant proceedings, the city council was without statutory authority to elect a city marshal except in case of a vacancy.[1] Nor was the city council authorized to abolish the office of city marshal and establish in its place the office of "police officer" either directly or by the device of making the salary so low that nobody would aspire to the office, as was attempted here. A city marshal is a public officer and not a mere employee. *Thomas* v. *Sitton,* 213 Ark. 816, 212 S. W. 2d 710. It is generally held that a municipal office created by the legislature cannot be abolished by ordinance without express authority. McQuillin, Municipal Corporations, (3rd Ed.), § 12.118.

Whether appellee intended to and did abandon the office of city marshal in January, 1951, was a question of fact to be determined by the trial court upon evidence that is in sharp dispute. There is substantial evidence to support the trial court's finding that there was no abandonment of the office of city marshal by appellee and that he continued to serve in that capacity until the date of trial. There is also substantial evidence to support the court's finding that Ordinance 152, as passed and published, provided for a salary of $100 per month for the office of city marshal instead of a yearly salary of $100, as appellant now contends. Under the circumstances, it is our conclusion that the trial court was justified in holding Ordinance 166 ineffective to reduce appellee's salary during the period he held over as city marshal under § 19-907, *supra.*

---

[1] But see Act 172 of 1953 (Ark. Stats. § 19-1103.2) which provides that the marshal of cities of the second class may be either elected or appointed by the mayor with the approval of the city council.

There was no objection to any of the testimony offered by appellee tending to show that he continued to perform his duties as city marshal from October, 1951, to November, 1952, inclusive, nor did appellant plead surprise at such testimony. Appellee only sued for 5 months' salary because that was all that had accrued at the time he filed the suit. It was within the sound discretion of the trial court to treat the complaint as amended to conform to the proof on this point and to render judgment accordingly. *Nance* v. *Eiland,* 213 Ark. 1019, 214 S. W. 2d 217. However, since the trial was concluded on November 24, 1952, there is no evidence to sustain the court's finding that appellee served as marshal during the month of December, 1952. The judgment will, therefore, be reduced to $1,400. As so modified, the judgment is affirmed.