The Honorable Bill Walters State Senator Post Office Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion on the following questions:
 1. If the Adjutant General of the State of Arkansas becomes 64 years old and is no longer federally recognized or qualified to be recognized, does that create a vacancy in the office of Adjutant General for the State of Arkansas?
 2. If it doesn't create a vacancy in the office, then what does happen to the office of Adjutant General and is the Governor under any obligation to take action to see that the Adjutant General of the State of Arkansas is one who complies with the requirements of the Arkansas Code?
 3. Would the Governor be complying with the laws of the State of Arkansas if, at the time the Adjutant General attained age 64, he declares a vacancy in the office and appoints the current Adjutant General as "acting Adjutant General" and allows this situation to continue for an indefinite period?
As stated in your request, the Adjutant General is appointed by the Governor. A.C.A. § 16-61-105(a) (Repl. 1995). Contrary to a statement in your request, Arkansas law does not expressly require that the Adjutant General be federally recognized or qualified to be so recognized. It does provide, however, that the Adjutant General "shall be a commissioned officer in the Adjutant General's department of the National Guard of this state. . . ." Id. That section goes on to provide certain qualifications that an individual must possess "[t]o be eligible for appointment" as Adjutant General. A.C.A. § 16-61-105(b).
Federal law provides:
An officer of the National Guard shall be discharged when —
(1) he becomes 64 years of age; or
(2) his Federal recognition is withdrawn.
32 U.S.C.A. § 324(a) (1959).
In my opinion, the incumbent becomes ineligible to hold the office of Adjutant General of the State of Arkansas when he is discharged pursuant to 32 U.S.C.A. § 324(a). The requirement set forth in A.C.A. §12-61-105(a) that the individual be a National Guard officer appears to be a continuing requirement; in other words, it appears that the Adjutant General must be an officer of the National Guard during his entire tenure as Adjutant General, rather than merely at the time of his appointment. When the Adjutant General ceases to be an officer of the National Guard, he ceases to be eligible to serve as Adjutant General.
Neither federal nor state law expressly addresses whether a vacancy is created in the office of Adjutant General upon the incumbent's becoming ineligible. Your questions can, therefore, be answered definitively only by a court. In my opinion, however, a vacancy may or may not occur, depending upon the relevant facts and circumstances. Where no statute expressly provides that a vacancy is created upon an incumbent's becoming ineligible to hold an office, the mere existence of the ineligibility does not create a vacancy if the incumbent was eligible to hold the office upon assuming it. See Stafford v. Cook, 159 Ark. 438, 252 S.W. 597
(1923); see also May v. Edwards, 258 Ark. 871, 529 S.W.2d 647 (1975). In such a case, the incumbent becomes a de facto officer, and a vacancy may be created by the officer's abandonment of the office, although a clear intention to abandon must be shown. City of Berryville v. Binam,222 Ark. 962, 264 S.W.2d 421 (1954) and State v. Green, 206 Ark. 361,175 S.W.2d 575 (1944). The official acts of a de facto officer are valid.Appleby v. Belden Corp., 22 Ark. App. 243, 738 S.W.2d 807 (1987). A defacto officer who does not resign or abandon the office may be removed in the manner provided by law.
With respect to your second question, if no vacancy is created, it is my opinion, as stated above, that the incumbent may continue to serve as a defacto officer, whose official acts are valid. I know of no law requiring to the Governor to remove and replace an Adjutant General who has been discharged under 32 U.S.C.A. § 324(a) or otherwise has become ineligible to hold the office.
It is my opinion that, with respect to your third question, the Governor is not authorized to declare the office of Adjutant General vacant or to appoint an acting Adjutant General in the circumstances addressed herein. If an Adjutant General who has been discharged under 32 U.S.C.A. § 324(a) or is otherwise ineligible declines to resign and is not removed, however, he may continue to serve indefinitely, and such service will have the same practical effect as his indefinite service as acting Adjutant General, as contemplated by your question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh