The Honorable David Hausam State Representative 1214 N.E. 10th Street Bentonville, AR 72712-4906
Dear Representative Hausam:
You have requested an Attorney General's opinion concerning a city advertising and promotion commission. You indicate that your question arises out of a situation in which two members of a seven-member commission are currently awaiting reappointment, the initial appointment of another member to a vacant position is also pending, and a fourth member has resigned. The result is that the commission is left with only three active members, which is less than a quorum. It therefore cannot conduct business. In light of that scenario, you have presented the following question:
 Do the commissioners who have resigned or are awaiting reappointment have the right to continue as voting members of the commission until they are replaced or reappointed?
It is my opinion that the commissioners who are awaiting reappointment may continue as voting members of the commission until they are replaced or reappointed. The member who has resigned, however, may not do so.
The Commissioners Awaiting Reappointment
My conclusion regarding the commissioners awaiting reappointment is based upon the doctrine of de facto officers. Under that doctrine, a de facto officer is "one who by some color of right is in possession of an office and for the time being performs its duties with public acquiescence, though having no right in fact." Appleby v. Belden Corp.,22 Ark. App. 243, 738 S.W.2d 807 (1987); Brown v. Anderson, 210 Ark. 970,976, 198 S.W.2d 188
(1946). An officer can become a de facto officer by continuing to serve in his office after the expiration of his term, even where no provision of law authorizes him to continue in office. See 67 C.J.S.2d, Officers, § 271. Arkansas law recognizes the official acts of de facto officers as valid.[1] Id.; Op. Att'y Gen. No. 98-128.
At this point, I find it pertinent to point out that in many cases, officers whose terms have expired are authorized to "hold over" in their positions as de jure officers, under the authority of Article 19, § 5 of the Arkansas Constitution,[2] or under a statute that specifically authorizes holdovers. See, e.g., A.C.A. § 24-11-405(b) (authorizing members of local police pension boards to hold over in their board positions until their successors are elected and qualified). However, Article 19, § 5 does not apply to appointed officers (such as members of advertising and promotion commissions), see Op. Att'y Gen. No. 97-188, nor is there any specific statutory authority for members of advertising and promotion commissions to hold over.
This absence of specific holdover authority in the situation you have described aptly illustrates the policy basis for allowing de facto officers and for recognizing their acts as valid. The Arkansas Supreme Court discussed that policy as follows:
 `[F]or the sake of order and regularity, and to prevent confusion in the conduct of public business and insecurity of private rights, the acts of officers de facto are not suffered to be questioned because of the want of legal authority except by some direct proceeding instituted for the purpose by the State, or by someone claiming the office de jure, or except when the person himself attempts to build up some right, or claim some privilege or emolument, by reason of being the officer which he claims to be. In all other cases the acts of an officer de facto are as valid and effectual, while he is suffered to retain the office, as though he were an officer by right, and the same legal consequences will flow from them for the protection of the public and of third parties. This is an important principle, which finds concise expression in the legal maxim that the acts of officers de facto cannot be questioned collaterally.'
Brown v. Anderson, 210 Ark. 970, 976, 198 S.W.2d 188 (1946), quotingFaucette v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
In the situation you have described, certain vacancies on the advertising and promotion commission must be filled by the remaining members of the commission (with the approval of the city's governing body). A.C.A. §26-75-605(d). If the commissioners who are awaiting reappointment cannot act as de facto officers to fill those vacancies, there can be no quorum to act to do so. The board would therefore be permanently disabled, thus disrupting "order and regularity." Brown, supra. This situation presents a classic case for application of the doctrine of de facto officers.
The commissioners in question therefore (i.e., those awaiting reappointment), in my opinion, constitute de facto commissioners because they originally took possession of their positions on the commission "by color of right." That is, they (presumably) were validly appointed and approved. Moreover, they have not abandoned their positions. City ofBerryville v. Binam, 222 Ark. 962, 264 S.W.2d 421 (1954). They may therefore continue in their positions as de facto commissioners and conduct the business of the commission lawfully and validly.
The Commissioner Who Resigned
It is my opinion that the commissioner who resigned may not continue in his position. This individual does not constitute a de facto officer. The doctrine of de facto officers does not apply to persons who intentionally vacate or abandon their offices. An officer's act of resignation from a position manifests a clear intent not to continue to serve in the position from which the officer resigned, and is therefore inconsistent with the requirements for de facto status. See generally City of Berryville v.Binam, 222 Ark. 962, 264 S.W.2d 421 (1954).
Accordingly, I conclude that the officer who resigned from the advertising and promotion commission may not continue in his position on the commission.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] It should be noted that Arkansas law also provides for a right of action to remove de facto officers from office. See Op. Att'y Gen. No.96-054.
[2] Article 19, § 5 states: "All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified."