CITY OF AUGUSTA *v.* ANGELO.

5-836 286 S. W. 2d 321

Opinion delivered January 30, 1956.

*Forrest E. Long,* for appellant.

*W. J. Dungan,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit by appellee, Angelo, to recover alleged salary due him, as City Marshal, for Augusta, Arkansas, a city of the second class. The parties have stipulated that:

"Ordinance No. 232, referred to in plaintiff's complaint was duly passed and published as required by law at the regular October, 1952, meeting of the City Council of said city and by its provisions did not take effect until January 1st, 1953.

"Ordinance No. 231, referred to in plaintiff's complaint, was duly passed and published as required by law at the regular September, 1952, meeting of the City Council of said City and by its provisions did not take effect until January 1st, 1953.

"Plaintiff was duly elected Marshal of the City of Augusta for a two year term ending January 1st, 1953; that plaintiff was duly elected over an opponent in the November 4th, 1952 General Election for the two year term ending January 1st, 1955, and duly qualified for said office, and was paid and accepted $2.00 per month during said period.

"Ordinance No. 226 referred to in plaintiff's complaint was duly passed and published and became effective January 1st, 1951, and under said ordinance plaintiff was paid a salary of $150.00 per month for the years 1951 and 1952.

"The respectively numbered exhibits attached hereto are true and certified copies of the original ordinances passed by the City of Augusta.

"The question of law herein presented is the validity of Ordinances No. 231 and 232, and in particular whether said ordinances are void or invalid as constituting an indirect abolishment of the office of City Marshal."

Ordinance 231 provides in part: "That the office of City Marshal shall not be abolished hereby, but all duties heretofore performed by the City Marshal shall be transferred to and become the duties of the Chief of Police under the direction of the Police Commission and City Council. The compensation to be received by any and all officers appointed hereunder shall be determined by the police commission with the approval of the City Council . . . All legal process issued by the Mayor shall be directed to the Chief of Police . . . All fees, rewards, and other special remuneration received by the Police Department or any member thereof, shall be deposited with the City Treasurer and credited to the general fund of the city . . . The Chief of Police shall take over and perform all duties in connection with said court that have been performed by the City Marshal."

Ordinance 232 provides: "Section 1: Beginning January 1, 1953, the salary of the various elected offices and officers shall be in amounts and payable at the time and in the manner set out as follows:

"Marshal—$24.00 per year payable $2.00 per month.

"Section 2: The provisions of this ordinance shall come into effect and be in force on January 1, 1953."

Trial resulted in a judgment for appellee in amount of $3,552 with 6% interest and costs. The judgment contained these findings by the court:

"The court finds that the said ordinances No. 231 and 232 are void, invalid and of no legal effect and their attempted adoption by the City Council was an ultra vires act, because the passage of the ordinances was an attempt to abolish the office of City Marshal of the City

of Augusta by indirect means, the finding of the court being that the said two ordinances are void, invalid and of no legal effect only to the extent that they affect the office and salary of the City Marshal of the City of Augusta.

"The court finds that the City of Augusta paid to the plaintiff, Jack M. Angelo, the sum of $2.00 on his salary for each of the months of 1953 and 1954, or a total of $48.00, and that the City of Augusta is thereby estopped to introduce testimony and to contend that the plaintiff, Jack M. Angelo, abandoned or vacated his office at any time during the years 1953 and 1954.

"The court finds that the plaintiff is entitled to recover the salary of $150.00 per month, as provided in ordinance No. 226 introduced herein, for the twelve months of 1953 and the twelve months of 1954, less the $2.00 per month paid in each month of the two years, or he is entitled to recover the sum of $3,552.00."

This appeal followed.

The question presented is one of law. The facts were undisputed and the trial court based its judgment solely on the pleadings and stipulation of facts above. We held in *McGill* v. *Miller,* 183 Ark. 585, Head Note No. 2, 37 2d S. W. 689: "Where testimony was undisputed and the conclusion deducible therefrom was one of law, the appellate court was not bound by the trial court's finding."

At the time the above ordinances were enacted the following sections of our statute were in effect and controlled: § 19-1103, Ark. Stats., 1947 "Marshal, recorder, and treasurer to continue in office until successor qualified — (The qualified voters of each city of the second class shall, at the same time, elect a city marshall [marshal], city recorder and treasurer.) Each of said officers shall continue in office until his successor is elected and qualified, and shall have such powers and perform such duties as are prescribed in this act, or as may be prescribed by any ordinance of such city, not inconsistent with the provisions of this act."

Section 19-1104, Ark. Stats., 1947 "Marshal—Powers and Duties — Appointment of Duties — Fees — The Marshal of cities of the second class shall execute and return all writs and process to him directed by the mayor, and, in criminal cases or cases of a violation of the city ordinance, he may serve the same in any part of the county; it shall be his duty to suppress all riots and disturbances and breaches of the peace, to apprehend all disorderly persons in the city, and to pursue and arrest any person fleeing from justice in any part of the State; to apprehend any person in the act of committing any offense against the laws of the State, or ordinances of the city, and forthwith to bring such persons before the mayor, or other competent authority, for examination or trial; he shall have power to appoint one or more deputies, for whose official acts he shall be responsible; he shall, in the discharge of his proper duties, have like powers, be subject to like responsibilities, and shall receive the like fees as Sheriffs and Constables in similar cases."

Clearly it appears under § 19-1103 that the office of City Marshal was an elective office by the qualified electors of Augusta. See *Thomas* v. *Sitton*, 213 Ark. 816, 212 S. W. 2d 710. The City Council at the time Ordinance 231 was enacted [which was prior to the effective date of Act 172 of 1953 which gives cities of the second class authority to appoint the City Marshal instead of electing] was without power to abolish the office of City Marshal and the ordinance was, therefore, void. See *City of Berryville* v. *Binam*, 222 Ark. 962, 264 S. W. 2d 421.

We think, however, that Ordinance 232 above is a valid enactment. As we construe § 19-1103 and § 19-1104 above, the City Council was not required to pay the duly elected City Marshal any certain or stated salary, or in fact, any salary at all. It could, however, if it so elected, pay him some salary, as the $2.00 per month here, in addition to "the like fees as Sheriffs and Constables in similar cases," received as provided in § 19-1104 above. Here appellee, Angelo, had been duly elected to the office of Marshal by the people. There was no vacancy in the office and he was not a "hold-over" officer.

As pointed out, the City's authority to fix appellee's salary was unrestricted except that it could not change his salary during any certain term once it had been fixed. We conclude, therefore, that appellee has been paid by the City all the salary ($2 per month) that the city agreed to pay him under Ordinance 232 during his elected term 1953 and 1954. The judgment is reversed and the cause remanded with directions to proceed not inconsistent with this opinion.