HORTON *v.* CITY OF MARSHALL.

5-1090                                    296 S. W. 2d 418

Opinion delivered December 17, 1956.

*Walker & Villines* and *Virgil D. Willis,* for appellant.

*N. J. Henley,* for appellee.

ED. F. McFADDIN, Associate Justice.  The question here posed is the legal right of the appellant — city marshal — to demand a salary of $175.00 per month from the City of Marshall, Arkansas, which is a city of the second class.  We have several recent cases involving the matter of salaries for city marshals in cities of the second class.  Some of these cases are: *Thomas* v. *Sitton,* 213 Ark. 816, 212 S. W. 2d 710; *Conner* v. *Burnett,* 216 Ark. 559, 226 S. W. 2d 984; *Sitton* v. *Burnett,* 216 Ark. 574, 226 S. W. 2d 544; *Berryville* v. *Binam,* 222 Ark. 962, 264 S. W. 2d 421; and *Augusta* v. *Angelo,* 225 Ark. 884, 264 S. W. 2d 321.  Reference to these cases gives the background of applicable law.

This case was tried before the Circuit Judge without a jury, and the record contains the Circuit Judge's opinion, from which we copy pertinent portions:

"The plaintiff, Bunyan Horton, was elected City Marshal of the City of Marshall at the general election in November, 1954, and thereafter was duly qualified and assumed the duties of his office on January 1, 1955.  His

predecessor in office was Clyde Hensley. On January 20, 1953 the City Council adopted a resolution to pay the said Clyde Hensley the sum of $175.00 per month salary and this salary continued throughout the remainder of his two year term. On January 4, 1955 the City Council adopted a resolution to pay the plaintiff $175.00 per month salary. This salary was paid plaintiff through the month of June, 1955. On June 7, 1955 the City Council adopted a resolution to pay the plaintiff at the rate of $100.00 per month, and this salary was paid through December, 1955. At its December, 1955 meeting the City Council adopted a resolution to discontinue paying the plaintiff any salary from city funds, as of January 1, 1956.

"The plaintiff is asking that the defendants be directed by Writ of Mandamus to pay him the rate of $175.00 per month throughout the entire term of two years for which he was elected. On the other hand the defendants ask that the plaintiff be required to reimburse the City for all amounts paid to him as City Marshal.

"Basically the City Marshal is entitled only to the fees provided by statute. The City is under no legal obligation to pay the City Marshal any salary, but has the authority to do so. Above the statutory fees the Marshal is entitled only to such salary as is legally provided by the Council . . . It follows then that the City Council is under no legal obligation to continue paying plaintiff's salary at the rate of $175.00 a month or any other amount . . . It, therefore, follows that the plaintiff's petition for Writ of Mandamus should be dismissed and that the defendants should take nothing from the plaintiff by reason of their cross-complaint."

I. *The Direct Appeal Of Horton.* The opinion of the Circuit Judge clearly states the issues. The appellant, as marshal of a city of the second class, is an officer[1]; and his salary as such marshal could neither be increased nor diminished during his term of office (see

---

[1] See § 19-1103 Ark. Stats. and *City of Augusta* v. *Angelo,* 225 Ark. 884, 286 S. W. 2d 321.

§ 19-907 Ark. Stats.). The appellant took office on January 1, 1955, and it was not until January 4, 1955 that there was passed the resolution attempting to fix his salary at $175.00 a month. If this was to be a salary as marshal, then it is void under our statute and cases. So the judgment is affirmed on direct appeal.

II. *Cross-appeal Of The City Of Marshall.* This has given us most serious concern. When we hold — as we do — that the statutory fees as city marshal were what the appellant was drawing when he took office, it follows that any money paid him for *services as marshal,* in excess of such statutory fees was an increase "during the term" and within the inhibition of § 19-907 Ark. Stats., which says in part: ". . . the emoluments of no officer[2] whose election or appointment is required in this Act shall be increased or diminished during the term for which he shall have been elected or appointed."

But the January 4, 1955 resolution of the Council (which resolution is brought in the record by stipulation) shows that appellee, Horton, was paid this $175.00 per month for his services as night watchman, separate and apart from his office as city marshal. The resolution was adopted on January 4, 1955 and said "that they hire him and he will go to work January 5, 1955 at 2:00 P. M. and work until 2:00 A. M. . . ." It is beyond argument that the City Council could not "hire" Horton as city marshal on January 4th because he had already taken office on January 1st; so the act of hiring necessarily related to some other work than that of marshal. Furthermore, the fact that Horton was to work 12-hour shifts as night watchman is shown by the hours designated. In short, the hiring on January 4, 1955 was a month to month hiring; and the City had a right to discharge Horton as night watchman at the close of any month, just as was done. The $175.00 per month salary as night watchman was separate from the statutory

---

[2] Both in *Barnes* v. *Williams,* 53 Ark. 205, 13 S. W. 845, and *Thomas* v. *Sitton,* 213 Ark. 816, 212 S. W. 2d 710, we held that this statute was applicable to city officials; but in neither of those cases was there the question of the right of the city to recover amounts previously and erroneously paid.

emolument as marshal. Horton rendered services as night watchman and can keep the money paid him for such services.

Affirmed on direct appeal and cross-appeal.

Mr. Justice ROBINSON concurs.