LUTHER *v.* GOWER, MAYOR.

5-2453                                                          345 S. W. 2d 608

Opinion delivered April 24, 1961.

*Townsend & Townsend,* for appellant.

*William G. Fleming,* for appellee.

J. SEABORN HOLT, Associate Justice. This is an action to restrain the city officials of Mountain View from selling improvement bonds which will be secured by the levy of a ten-mill tax upon property within the city. Mountain View, as an incorporated town, proceeding under Ark. Stats. § 19-215, passed an ordinance raising the classification of the municipality from a town to a city of the second class. The ordinance also provided that the town should be divided into wards as designated by the city council and for certain other regulations not pertinent here. As provided in Ark. Stats. § 19-215 an election was held on the change in classification. A majority of the voters approved the change in classification to a city of the second class. The vote was 217 for the change and 55 against. Thereafter the city held its elections for officers on the even numbered years as provided by law for cities of the second class under Ark. Stats. § 19-1101. This was done in 1956, 1958 and 1960. However, Ark. Stats. § 19-1101 *et seq* contemplate that aldermen will be elected by wards. In the present case, though the ordinance relating to a change in classification contained a provision for the division of the municipality into wards, the city council neglected to make such a division and aldermen continued to run at large during the years 1956, 1958 and 1960 as had been the previous practice when the municipality was a town. On April 1, 1960 the city council

undertook to exercise the powers of a city of the second class by the passage of an ordinance calling an election upon the question of issuing $50,000.00 in improvement bonds. This election was held on May 10, 1960, after the publication and notice as required by Amendment 13 to the Arkansas Constitution, but the notice specified only one polling place, the county library. Under the provision of Ark. Stats. § 19-1101.3 cities of the second class must provide a voting precinct in each ward. As previously noted, the city council had not divided the city into wards. The present appellant prayed for an injunction in the court below on the grounds that the city council was not properly constituted, having not been elected by wards and that the bond election was void since only one polling place was used. The lower court refused to grant an injunction and this appeal followed.

We have concluded that the city government of Mountain View was properly constituted as that of a city of the second class and that the issuance of bonds under Amendment 13 is within the legal authority of the city and further that the bond election is not void because only one polling place was used.

There are a number of reasons for the above conclusion. In the present case the town of Mountain View, following the statutory procedure after an election at which the majority of the voters approved a change in classification, filed with the Secretary of State a certified copy of the ordinance. Ark. Stats. § 19-215 provides that "thereupon said incorporated town shall become a city of the second class, and the officers of the incorporated town shall upon filing, immediately become officers of the city of the second class and to serve as such for the full period for which they were elected or until their successors are elected and qualified."

We can conceive of no plainer language of legislative intent. The statute contemplates that upon filing of a certified copy of the ordinance the town officers immediately become officers of a city of the second class with the powers thereof. The language used in the statute

admits of no delay or lapse of time in the change in the classification of a town to that of a city of the second class, and its officers from officers of a town to those of a city of the second class. When viewed in the light of previous statutes on the subject and the cases construing these statutes the language in the present statute was probably inserted to avoid the result of such cases as *Lewis* v. *Tate*, 210 Ark. 326, 195 S. W. 2d 640 where a delay in the election of officers led to the voiding of a bond election. That there may be no mistake about it, we specifically hold that when a certified copy of the ordinance is filed with the Secretary of State as required, the town becomes a city of the second class and the officers thereof officers of a city of the second class. Since Mountain View complied with the statute in the present case, the city officials properly constituted the city government.

It is also argued that the failure to divide the city into wards has destroyed the efficacy of the city government and especially the special election called for the purpose of issuing bonds for city improvement. This contention is based upon Ark. Stats. §§ 19-1101, 19-1101.1, 19-1101.3 and 19-1113 which deal respectively with the election of aldermen from wards, the number of aldermen from each ward, the requirement of a voting precinct in each ward, and the duty of the city council to create wards on an equal population basis. As pointed out previously, the city of Mountain View failed to establish wards in the city as required by city ordinance and Ark. Stats. § 19-1113. However, we think that such a requirement falls under the well established rule which we have announced many times in other cases, that election procedures which are mandatory before an election are only directory after the election. *Henderson* v. *Gladish*, 198 Ark. 217, 128 S. W. 2d 257, *Orr* v. *Carpenter*, 222 Ark. 716, 262 S. W. 2d 280. The failure of city officials to perform a ministerial duty will not be allowed to defeat the will of the overwhelming majority of the electors. *Christenson* v. *Felton*, 226 Ark. 985, 295 S. W. 2d 361. We do not think that the failure of the city

council to divide the city into wards in anyway vitiated the authority of the duly elected aldermen to conduct official business. What we have said here applies with equal force to the requirement of a polling place in each precinct. As a matter of interest we point out that the city of Mountain View has now complied with the requirements of the statute by a special election of December 27, 1960 and the city is now divided into wards.

Finding no reversible error, the judgment is affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice, concurring. My concurrence is for the purpose of emphasizing the legislative change that has been made since the opinion of this Court in *Lewis* v. *Tate,* 210 Ark. 326, 195 S. W. 2d 640. That case was decided on July 1, 1946, when the applicable statute was Act No. 211 of 1939. To overcome the effect of the holding in *Lewis* v. *Tate, supra,* the 1947 General Assembly adopted Act No. 227, which amended Act No. 211 of 1939. The language in Section 1 of the Act No. 227 of 1947 clearly states that after the town authorities have filed the certified copy of the ordinance with the Secretary of State, then the town becomes a City of the Second Class for all intents and purposes. The Legislature had the right to adopt Act No. 227 of 1947 and thus overcome the effect of our holding in *Lewis* v. *Tate;* and under the Act No. 227 of 1947 the decree of the Chancellor was in all things correct.