JEFFERY *v*. CITY OF MT. VIEW.

5-2791                                                361 S. W. 2d 540

Opinion delivered November 5, 1962.

*Caldwell T. Bennett,* for appellant.

*John B. Driver,* for appellee.

ED. F. McFADDIN, Associate Justice. This action was instituted by appellant to recover money which he claimed due him as marshal of Mountain View, Arkansas, a city of the second class. (*Luther* v. *Gower*, 233 Ark. 496, 345 S. W. 2d 608.) The appellees are the City of Mountain View and its mayor and councilmen.

Appellant's complaint alleged: that at the election in 1958 Jeffery was duly elected for a two-year term as marshal of the city; that he took office on January 1, 1959, and performed the duties of the office; that the previous marshal of the city had been paid $225.00 per month, but that the city refused to pay Jeffery more

than $125.00 per month, which he accepted under protest for the ten months from January through October, 1959, totalling $1,250.00; that since November 1, 1959, the city had refused to pay Jeffery anything. He prayed for the full salary of $225.00 per month for the entire term of two years, less the $1,250.00 paid him.

The city and other defendants filed general denial, and also specifically denied: that Jeffery was ever legally elected marshal or that the salary of the city marshal had ever been established by law. Affirmatively, the defendants alleged that on March 25, 1959, the city had adopted an ordinance,[1] by the terms of which the mayor and city council had the right to choose a marshal for the term and on conditions and at the salary as fixed by the city council; and that by resolution of October 13, 1959, the city had dispensed with Jeffery's services because of inefficiency and neglect of duty. The city denied owing Jeffery anything. The case was tried before the Circuit Judge, without a jury, on the pleadings and some stipulated facts. The Circuit Court rendered judgment, dismissing the complaint, and from that judgment there is this appeal.

---

[1] The said ordinance reads:

"AN ORDINANCE TO PROVIDE FOR THE APPOINTMENT OF A CITY MARSHAL FOR THE CITY OF MOUNTAIN VIEW, ARKANSAS. BE IT ENACTED BY THE CITY COUNCIL OF MOUNTAIN VIEW, ARKANSAS:

"Section 1. That the Marshal of the City of Mountain View, Arkansas, from and after April 1, 1959 shall be appointed by the mayor of the City of Mountain View, Arkansas, with the approval of the City Council.

"Section 2. That the Marshal so appointed, shall draw as compensation for such services as set forth by City Council payable monthly. That the person appointed Marshal as set out herein, shall have in addition to his duties that are set out by law, the responsibility for the enforcement of livestock laws of the City of Mountain View, Arkansas. He shall be the livestock poundmaster.

"Section 3. That hereafter, the person so appointed as Marshal shall serve in such capacity during the will and pleasure of the Mayor, and may be discharged at any time, with or without cause by the Mayor, with the approval of the City Council.

"Section 4. That from and after the effective date of this ordinance, no election shall be held in the City of Mountain View, Arkansas for the purpose of filling the office of Marshal.

"Section 5. That he shall perform other duties as set forth by the City Council.

"Section 6. All ordinances and parts of ordinances in conflict herewith are hereby repealed."

In *Horton* v. *City of Marshall,* 227 Ark. 141, 296 S. W. 2d 418, we listed some of the recent cases that have been before this Court involving the matter of salary for a city marshal in a city of the second class. In those cases may be found the applicable law. In the case at bar, there is no showing whatsoever that the City of Mountain View had ever adopted an ordinance fixing the salary of the marshal. The City paid the marshals whatever amount the City saw fit to pay from time to time. This being true, the case of *Horton* v. *City of Marshall (supra),* is authority for the statement that Jeffery cannot recover any fixed salary for his services as marshal merely because his predecessor was paid a certain amount. All Jeffery could legally demand for services as marshal were the fees due a constable for like service. If the city had ever fixed a salary for the marshal, then it could not have been changed during Jeffery's tenure (§ 19-907 Ark. Stats.); but, with no salary fixed, then the city had the right to refuse to pay Jeffery any salary in addition to the fees due a constable.

Furthermore, in March 1959, the city—acting under the provisions of Act No. 172 of 1953 (§ 19-1103.2 Ark. Stats.)—adopted an ordinance providing that on and after April 1, 1959, the marshal should be appointed by the mayor of the city, with the approval of the city council, and should draw such compensation as set forth by the city council, and should serve in such capacity as marshal during the will and pleasure of the mayor and might be discharged at any time, with or without cause. (We have heretofore copied this ordinance as a footnote to this opinion.) Jeffery continued to serve as marshal under this ordinance, and to draw the salary from April 1959 until October 1959, at which time the council passed a resolution finding and declaring that Jeffery's services were unsatisfactory, and removing him from office. When Jeffery continued to serve as marshal after April 1, 1959, and draw the salary under said ordinance, he thereby recognized the power of the city to remove him at any time. If he had wanted to remain as marshal on the basis of fees due the constable and claim § 19-907

Ark. Stats. as a right to same, then he should have made the claim in March 1959. Rather, he continued to accept pay from the city under the March ordinance and thereby has precluded himself from a recovery. He says he took the money "under protest"; but he cannot "have his cake and eat it." When he took the monthly payment under the March 1959 ordinance (whether for poundmaster or marshal), Jeffery precluded himself from challenging the validity of the ordinance.

Affirmed.