CITY of LESLIE *v.* Gus B. WATTS

5-6102                                     488 S.W. 2d 8

Opinion delivered December 18, 1972

*John B. Driver,* for appellants.

*Jerry Patterson* & *Kenneth R. Smith,* for appellee.

Carleton Harris, Chief Justice. Gus B. Watts, appellee herein, and Rubin H. Summerhill were opponents for the office of City Marshal of Leslie, Arkansas, at the General Election held in November, 1970. Appellee

received the highest number of votes and received his certificate of election from the election commissioners of Searcy County, and was subsequently sworn in. Summerhill had been acting under appointment by the City Council of Leslie from the time that Watts had, during a prior term, resigned from the position. Following the General Election in 1970, the City Council voted to retain Summerhill as night watchman or night marshal for the city. Prior to January 1, 1971, when appellee took office, Summerhill had been paid a total salary of $4,200.00 per year, but this was on the basis of the marshal also holding another position, $2,100 for serving as Marshal (including night marshal) and $2,100 as superintendent of the Street Department. Summerhill was permitted to serve in these capacities as a matter of paying him a living wage. The only pertinent ordinance that has ever been passed by the City of Leslie is Ordinance No. 130 which was passed in 1926 providing that the office should be considered that of City Marshal and Ex Officio Street Commissioner. The ordinance provided that as marshal, the holder of the office should receive a salary of $20.00 per month together with such fees as may by law be allowed for similar services, and that as street commissioner, he should receive the sum of $30.00 per month, payable from the street funds.[1] The city offered to pay Watts under Ordinance No. 130 the sum of $50.00 per month but appellee refused to accept this amount and instituted suit in the Searcy County Chancery Court against the city, its disbursing officer and Summerhill asking that the City of Leslie and its disbursing officer be enjoined and restrained from paying to Summerhill any monies from the general funds of the city; that Summerhill be required and compelled to account for sums paid to him by the city since January 1, 1971, and that judgment be rendered against him for

---

[1]Ordinance No. 82 was passed in 1912 setting up the office of night marshal and provided that between the hours of 6:00 p.m. to 5:00 a.m., the holder of that office was clothed with all the powers possessed by the day marshal; that the night marshal should be elected by the majority vote of the city council and that he should receive as compensation all costs and one half of all fines imposed and collected from violators of law upon the information "procured and produced by him". No salary was provided in this ordinance.

such amount. The case was subsequently transferred to the Searcy County Circuit Court where, prior to the taking of evidence, appellee dictated an amendment to his complaint into the record as follows:

> "Counsel for plaintiff: Wherefore, Plaintiff prays for judgment against the Defendant for the sum of $4200.00 per year as salary as City Marshal for the City of Leslie. That said judgment be pro-rated on the basis of $4200.00 per year to the date of this judgment."

After the taking of evidence, the court made the following findings:

> "That the Defendant, city of Leslie cannot, during the term for which the city marshal has been elected, reduce the regular salary for said office; that the City of Leslie has attempted to circumvent said election by appointing one of the Defendants herein Rubin Summerhill, as night watchman and street commissioner.

> The court finds that at the time of the general election in 1970, the city marshal for the City of Leslie was receiving a salary of $4,200 per year, $2,100 of which was designated as city marshal salary and $2,100 as street superintendent which was paid from the street funds."

The court found that Watts was entitled to a judgment and entered the following order:

> "It is, therefore, adjudged that the Plaintiff be and he is hereby awarded judgment against the City of Leslie for the sum of $2,100 for the year of 1971 and for the further sum of $175 for three months of 1972 which is for the months of January, February, and March."

From the judgment so entered, appellant brings this appeal. It is first asserted that the court committed

error in granting the appellee judgment for any sum in excess of the amount fixed by Ordinance No. 130.

There is no ordinance nor written resolution fixing a salary different from Ordinance No. 130. The salary increases seem to have been granted on the basis of oral motions passed by the city council but such action of the council was not reflected in the minutes. The minutes do reflect that a resolution was passed on July 27, 1962 by the council (though there was no written resolution) that the council employ Thomas Massey to fill an unexpired term as marshal "and also to assume the duties of Street Commissioner and Water Maintenance Man," the council agreeing that "It is advisable for the present, that the City Marshal hold these three positions enabling him to draw a living wage". However, even here, no salary was set out.[2]

Another matter that somewhat confuses the situation is that the minutes of the December 8, 1970 council meeting reflect that the council voted "to retain Ruben Summerhill as *Night* [our emphasis] Marshal" under Ordinance No. 82, heretofore set out in footnote No. 1.

At any rate, the case of *Jeffery* v. *City of Mt. View*, 235 Ark. 657, 361 S.W. 2d 540, bears similarity to the instant litigation. In affirming the circuit court in its holding that Jeffery, Marshal of Mountain View was not entitled to recover the same amount of salary which had been paid his predecessor, this court said:

"In *Horton* v. *City of Marshall*, 227 Ark. 141, 296 S.W. 2d 418, we listed some of the recent cases that have been before this Court involving the matter of salary for a city marshal in a city of the second class. In those cases may be found the applicable law. In the case at bar, there is no showing whatsoever that the City of Mountain View had ever adopted an ordinance fixing the salary of the marshal. The City paid the marshals whatever amount the

---

[2]There is no contention in the present litigation that any ordinance or resolution has been passed which was subsequently lost.

City saw fit to pay from time to time. This being true, the case of *Horton* v. *City of Marshall (supra),* is authority for the statement that Jeffery cannot recover any fixed salary for his services as marshal merely because his predecessor was paid a certain amount. All Jeffery could legally demand for services as marshal were the fees due a constable for like service. If the city had ever fixed a salary for the marshal, then it could not have been changed during Jeffery's tenure (§ 19-907 Ark. Stats.); but, with no salary fixed, then the city had the right to refuse to pay Jeffery any salary in addition to the fees due a constable."

It may well be, looking at the matter entirely from a standpoint of fairness to Watts, that it would appear that he was perhaps mistreated by the city council; our cases however are clear that he can only recover whatever amount has been lawfully fixed.[3] It thus appears that the judgment of the trial court must be reversed.

Appellant argues other points, but under our holding as to the first point, there is no necessity to pass on the other allegations.

The judgment is reversed.

BYRD, J., dissents.

CONLEY BYRD, Justice. dissenting. Ark. Stat. Ann. § 19-907 (1968 Repl.) provides that the salaries of municipal officials may be increased but not decreased during the term for which such officials have been elected. At the time Gus B. Watts was elected to the office of City Marshall over the incumbent Rubin H. Summerhill, the latter

---

[3]While the complaint filed by Watts asked that Summerhill be required to account for all sums paid him while acting as night marshal, the court made no finding relative thereto and the matter is not argued here on appeal. Apparently, when the circuit court rendered judgment for Watts against the City of Leslie, appellee was satisfied and no longer interested in pursuing the action against Summerhill, and the question of whether the latter was legally paid is not an issue in this court.

was drawing $2100 per year as City Marshall and $2100 per year as superintendent of the Street Department for a total of $4200 per year, described as a living wage by the City's Recorder. After Summerhill's defeat at the 1970 General Election and before Watts took office on January 1, 1971, the City Council (on December 8, 1970) employed Summerhill as NIGHT Marshall on the same salary basis he was receiving as Marshall. However, the City Council now only wants to pay Watts $50 per month in accordance with a 1926 ordianance. Under the circumstances, the City of Leslie should be estopped to deny the salary scale.

The rule with respect to estoppel on the part of municipalities is stated in 28 Am. Jur. 2d, *Estoppel and Waiver* § 128 as follows:

"It is generally recognized that with respect to matters within the scope of its power and authority to act, a municipal corporation is subject to the rules of estoppel in those cases wherein equity and justice require their application and where such application will not interfere with the proper exercise of governmental functions; but where there is an entire absence of such power on its part, there can be no estoppel as against the municipality or its inhabitants.

"Thus, municipal corporations may be, and frequently have been, held subject to the doctrine of estoppel under special circumstances and accordingly estopped by their acts and conduct, as where they are acting within their powers and in a proprietary or private capacity, or *where right and justice and principles of common honesty require that the doctrine be applied to municipalities,* in matters not wholly ultra vires, the same as it is to individuals, as where the party invoking the doctrine has expended large sums of money, or has parted with value or incurred a new liability in reliance upon the acts or conduct of the municipality or its of-

ficers and agents; or where the nonapplication of the doctrine will encourage or permit a fraud,. . ." [Emphasis mine]

In the first place it is an insult to an official who has expended 1970 dollars to get elected to offer him a 1926 salary. In the next place the view taken by the majority encourages a subterfuge on the part of the municipality to evade the intent and purposes of Ark. Stat. Ann. § 19-907 (1968 Repl.).

Furthermore, the fact that the defeated incumbent is elevated to the position of NIGHT Marshall with a 1970 salary while the 1970 winner is demoted to an antiquated 1926 salary shouts for some common honesty and fairness.

For the reasons stated I would hold the City estopped to dispute the salary scale. Therefore I respectfully dissent.