The Honorable Jim Hudson Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr. Hudson:
This is in response to Deputy Prosecuting Attorney Brent Haltom's request for an opinion concerning the election of aldermen in Arkansas cities of the second class which have not been divided into wards as directed by Ark. Code Ann. 14-44-101 to -103. The following question has been posed in this regard:
 The specific question is whether the election commission should allow aldermen to be placed on the ballot in a city of the second class which is not divided into wards.
It is my opinion that the board of election commissioners (hereinafter "commissioners") may not exercise discretion concerning the placement of candidates' names on the ballot in this instance. While it seems clear that the requirement under A.C.A. 14-44-101 involving the creation of wards is mandatory if enforcement is sought before election in a direct proceeding for that purposes (see Luther v. Gower,233 Ark. 496, 499, 345 S.W.2d 608 (1961)), we cannot conclude that the commissioners have the power to, in essence, deny the aldermen's eligibility as candidates based upon failure to comply with this requirement.
It must be noted in this regard that the duties of county boards of election commissioners are often described as ministerial in nature. See e.g., Starrett v. Andrews,195 Ark. 1078, 115 S.W.2d 549 (1938); Missouri Pacific Railroad Company v. McCracken, 196 Ark. 311, 117 S.W.2d 345 (1938); State v. Craighead County Bd. of Election Comm'rs, 300 Ark. 405,779 S.W.2d 169 (1989). in State v. Craighead County Bd.,300 Ark. at 410, the Arkansas Supreme Court, faced with the question of a candidate's eligibility, cited to the election law which gives county political party committees the duty to investigate and make an affirmative determination of a candidate's eligibility before placing their candidate's name on the primary ballot. The Court then noted: "No such power has been conferred on boards of election commissioners." ID
In this instance it is significant to note that in accordance with A.C.A. 14-37-112, following an incorporated town's change in classification to a city of the second class, ". . . there shall be an election for the election of officers of the city of the second class. . . ." A.C.A.14-37-112(b)(2)(A). An election must, therefore, be held. And our research in this area supports the proposition that the commissioners' essentially ministerial functions in connection with the election would not be deemed to include the power to deny placement of a candidate's name on the ballot where the city fails to create wards.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb
cc: Mr. Brent Haltom Deputy Prosecuting Attorney P.O. Box 177 Lewisville, AR 71845
[1] Ark. Code Ann. 14-44-101(a) states: "As soon as practicable after an incorporated town becomes a city of the second class, the city council shall form the city into the number of wards that, to it, will seem to serve the interests of the city."