The Honorable Lindbergh Thomas State Representative P.O. Box 505 Grady, AR 71644-0505
Dear Representative Thomas:
You have presented the following question for my opinion:
 Can a mayor of a small city with approximately 500 people appoint a chief of police even though the city already has an elected city marshal?
RESPONSE
It is my opinion that the city cannot appoint a chief of police if it already has an elected city marshal.
You have not indicated whether the town you have described is officially classified as a city of the second class or an incorporated town. Although both cities of the second class and incorporated towns are expressly permitted to choose to have a city marshal, see A.C.A. §14-44-109 and A.C.A. § 14-45-109, their authority to do so is qualified by A.C.A. § 14-52-103, which states:
 Notwithstanding any other provision of law to the contrary, the governing body of any incorporated town or city of the second class may, by ordinance, establish either a police department or a city marshal's office.
A.C.A. § 14-52-103.
This statute plainly permits cities and towns to choose to establisheither a police department or a city marshal's office — but not both.
It should be noted that if the municipality in question is a city of the second class, it is expressly authorized to choose (by the enactment of an ordinance) to appoint, rather than elect, its marshal. See A.C.A. §14-44-111. Incorporated towns do not have the same authority to choose between an elected or an appointed marshal; their marshals must be elected. See A.C.A. § 14-45-109; Clark v. Mahan, 268 Ark. 37,594 S.W.2d 7 (1980); Ops. Att'y Gen. Nos. 92-016; 91-399.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General