The Honorable Ann V. Clemmer State Representative
7415 Camille Drive Benton, Arkansas 72019-8354
Dear Representative Clemmer:
I am writing in response to your request for my opinion on the following nine questions concerning elected, municipal officials' salaries:
 1. Can an elected official's salary be set based on an "employee merit system" such as the JESAP compensation system established for employees for fair compensation?
 2. In addition, regarding this merit system, is it constitutional that increases or decreases in the elected official's salaries [sic] be based on whether he has previous elected experience?
 3. Can a newly-elected Mayor or City Clerk's salary be decreased because he or she lacks "prior elected experience"?
 4. Do the words "prior elected experience" mean any elected experience including public office, elected positions to civic organizations, boards, commissions, political organizations, sports committees, ect. [sic]?
 5. Can a city council set an ordinance establishing that all elected city officials' salaries be set based on a merit evaluation system? *Page 2 
 6. If such ordinance is legal, do the words "all elected city officials" apply to all elected city officials including City Aldermen, City Attorney, City Mayor, City Clerk/Treasurer, etc.?
 7. Should there by a city ordinance establishing the salary by dollar amount for elected city officials?
 8. Can the salary of an elected official be decreased for his or her term after the filing period of that office?
 9. Can the salary of an elected city official be lowered due to education level reached (e.g., not having a certain degree)?
RESPONSE
As an initial matter, I have not been provided with the "JESAP compensation system" referenced in your first question, or any other particular pay system. Nevertheless, I am unable to resolve issues that may arise under a particular system because this would involve fact questions that are outside the ordinary scope of an Attorney General opinion. Therefore, this opinion is limited to a discussion of the legal principles that are relevant to your questions. It should not be construed as addressing or commenting on any particular city's pay plan.
Each of the following brief responses is explained more fully below. The answer to Questions 1, 2, and 5 is that, when a city council sets salaries, no Arkansas law either requires it to consider or prohibits it from considering an official's education, experience, or both. But the council must set the salary in a manner and amount that does not give rise to other legal problems. The answer to Questions 3, 8, and 9 generally depends on when the reduction in salary took place. As long as it occurred before the official took office, the reduction usually does not violate A.C.A. § 14-42-113. As explained below, however, a definitive answer may depend on the particular facts surrounding the adoption of the "merit system." I cannot respond to Questions 4 and 6 because they ask me to construe a local ordinance, which is something this office cannot do when issuing opinions. The answer to Question 7, is that, while the city council clearly must fix salaries, the salaries do not necessarily have to be a specific dollar amount. Rather, provided that the council abides by some caveats explained below, it can set salaries according to a range or sliding scale, in my opinion. *Page 3 
DISCUSSION
With the exception of Question 7, all your questions can be divided into three sets.
As for Question 7, city councils are clearly required to fix city officials' salaries.[1] Given your other questions concerning a "merit system," I interpret this question as primarily asking whether the city council must set the salary of elected officials at a specific "dollar amount," as opposed to a range or sliding scale. While there is no clear authority on this in Arkansas, the general rule among other jurisdictions appears to be that while cities do not have to establish a specific dollar amount, the council must establish a range or scale by reference to which the salary can be easily determined.[2] There are, however, some caveats to this general rule. The city council cannot establish the pay scale or pay range in a way that abuses its discretion;[3] that is arbitrary;[4] that creates a range or scale that is so broad that the salary is, for all practical purposes, not fixed;[5] or that is so low that it effectively abolishes the office.[6]
In my opinion, if an Arkansas court were faced with this question, it would likely follow both this general rule and the caveats. Therefore, in my opinion, the answer to the second part of Question 7 is that, while the council must "fix" the salaries of the city officials, the salary does not necessarily have to be fixed at a single, *Page 4 
specific amount. Instead, the council can establish a range or pay scale as long as the council heeds the caveats listed above.
We can now turn to the remaining questions. The first set of questions — composed of Questions 4 and 6 — asks me to evaluate the intent of the city council when it enacted certain phrases in the ordinance you refer to, which is not attached to your opinion request. Nevertheless, because I cannot construe local ordinances, I must decline to respond to these two questions.[7]
The second set — composed of Questions 3, 8, and 9 — asks whether or when an elected official's salary can be reduced. Arkansas law prohibits the city council from reducing an elected official's salary during histerm.[8] If the reduction occurs sometime before taking office, however, this prohibition does not apply. Thus, the answer to Question 8 is "yes."[9] The answer to the remaining two questions depends on when the reduction occurred.[10]
The third set — composed of Questions 1, 2, and 5 — asks about the criteria that a city can consider when establishing salaries for elected officials. As noted above, the city council must set the salary of city officials. Other than that mandate, Arkansas law does not appear to speak to whether the city council must consider (or refuse to consider) certain characteristics of officials — such as education or experience — when setting salaries. All the caveats noted in response to Question 7, however, do provide some guidance about what the council cannot do when setting the pay scale or the criteria that will be applied to determine the exact salary that a specific officeholder-elect will receive. Accordingly, I am not able to *Page 5 
give a definite answer to your third set of questions because these questions require factual determinations that I cannot make when issuing opinions.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Arkansas Const., amend. 56, § 4; A.C.A. § 14-43-409 (Supp. 2009). As explained in Op. Att'y Gen. 2003-004, the salaries for city attorney, city clerk, and elected city treasurer must be set by ordinance. But the salaries for the mayor and for an appointed city treasurer can simply be set by the city's budget.
[2] McKann v. Town of Irvington,45 A.2d 494 (N.J. Ct. Err App. 1946); see generally Eugene McQuillin, The Law of Municipal Corporations, vol. 4, §§ 12:190-12:196 (3d ed., West 2011).
[3] E.g. Walker v. Los Angeles County,361 P.2d 247; State ex rel Bass v. Mayor and Bd. of Alderman of Cityof Oakdale, 16 So. 2d 527 (La. 1944); McQuillin, supra
note 2, at § 12:192 (explaining how and when a court will review an ordinance that sets salaries for municipal officials).
[4] Crain v. City of Mountain Home, Arkansas,611 F.2d 726 (8th Cir. 1979); Op. Att'y Gen. 2004-355.
[5] McKann, 45 A.2d 494.
[6] City of Augusta v. Angelo,225 Ark. 884, 286 S.W.2d 321 (1956); Op. Att'y Gen. 2004-355.
[7] Cf. Op Att'y Gen. Nos. 2008-088, 2007-23, 2005-278 (all noting that this office cannot construe local ordinances when issuing opinions).
[8] A.C.A. § 14-42-113 (Supp. 2009). Please note that while this statute was recently amended by Act 199 of 2011 (approved 3/8/11), these amendments are not relevant to this opinion.
[9] Cf. Op. Att'y Gen. Nos. 2006-113 and 2004-355. As those two opinions from my predecessor indicate, the statutory prohibition on reduction does not apply when the reduction occurs after the election but before taking office. Accordingly, a fortiori, the prohibition does not apply to the time between the filing deadline and taking office. But, as those opinions noted, the salary cannot be reduced to an unreasonable level or in an unconstitutional manner.
[10] To the extent Question 3 is focused on what criteria the council may consider when reducing the salary, as opposed towhen the reduction may occur, please see my response to Questions 1, 2, and 5.
 *Page 1